UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

WILCO TRADING LLC, a Texas
limited liability company,

    Plaintiff,

v.

SHAHAR SHABAT, individually, and
EL SALES CORP., a Florida corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, WILCO TRADING LLC ("Wilco Trading"), a Texas limited liability company, by and through its undersigned counsel, hereby files this Complaint for Damages and Injunctive Relief against Defendants, SHAHAR SHABAT ("Shabat"), individually, and EL SALES CORP. ("EL Sales"), a Florida corporation (collectively, the "Defendants"), on grounds which state as follows:

### SUMMARY

1. Defendants Shabat and EL Sales have engaged in a baseless and unlawful campaign of harassment and trademark bullying designed to clear the marketplace of purportedly "unauthorized" sellers of its "Predire Paris" branded products on Amazon, including lodging multiple false intellectual property complaints on Amazon against Wilco Trading, which did nothing more than sell genuine and unaltered Predire Paris products acquired from a trustworthy source. The Defendants' attacks not only caused Amazon to suspend Wilco Trading's entire

Amazon seller account – effectively putting Wilco Trading out of business – but are also part of the Defendants' scheme to deceive consumers and potential consumers of Predire Paris products.

2. Wilco Trading is an online seller that does the bulk of its business on the Amazon platform. Among the many products Wilco Trading sold there, prior to being shut down as a direct result of the Defendants' actions, it sold a handful of products made and/or branded by EL Sales, including products sold under EL Sales' "Predire Paris" trademark. Wilco Trading sourced these products from a legitimate and trusted source, namely Nordstrom Rack, and only sold authentic and unaltered Predire Paris products. In fact, despite having no doubt about the authenticity of the Predire Paris products it sold on Amazon, Wilco Trading recently confirmed with a supervisor at Nordstrom Rack that the product that Wilco Trading bought from Nordstrom Rack and resold on Amazon was purchased by Nordstrom Rack directly from EL Sales.

3. In complete disregard of the authenticity of Wilco Trading's inventory, and without communicating directly with Wilco Trading before filing its complaints with Amazon, which Defendants easily could have done through the Amazon platform, the Defendants filed at least two baseless and fraudulent complaints with Amazon claiming that Wilco Trading was selling counterfeit Predire Paris products and otherwise infringing on EL Sales' trademarks. These complaints were made entirely in bad faith and intended only to damage Wilco Trading and push it out of the marketplace, not for any legitimate brand-protection purpose. Moreover, because these complaints were submitted to Amazon under penalty of perjury, each such complaint may very well have been a criminal act, and such unlawful conduct has no place in the arena of marketplace competition.

4. As a direct result of the Defendants' unlawful attacks, Amazon initially shut down one or more Wilco Trading listings for EL Sales Predire Paris products, and thereafter followed

up by suspending Wilco Trading's entire seller account. It is common knowledge among product manufacturers and brand owners that Amazon will take these actions as a matter of course upon receiving counterfeiting and/or infringement claims, and that Amazon routinely relies on the honesty and integrity of manufacturers and brand owners without undertaking an independent investigation of its own.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Wilco Trading is a Texas limited liability company with its principal place of business in Texas.

6. Defendant Shabat is an individual who, on information and belief, is domiciled and resides in Tampa, Hillsborough County, Florida.

7. Defendant EL Sales is a Florida corporation with its principal place of business in Tampa, Hillsborough County, Florida.

8. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1332, 1338, and 1367, as Wilco Trading asserts claims under the Lanham Act, 15 U.S.C. § 1125(a), as well as related state common law claims.

9. The Defendants are subject to personal jurisdiction in this Court because Defendants conduct substantial business in Florida and in this District, including selling the products at issue in this action in and from Florida, and issuing the complaints at issue from Florida.

10. Venue is proper in this District because a substantial part of the events giving rise to this action occurred in this District and the Defendants are located in this District.

## FACTS

11. Instead of UPCs or serial numbers, Amazon uses an "Amazon Standard

Identification Number," or "ASIN," for each product listing. Once an ASIN is created by any person for a particular product, other sellers can list their inventory under that pre-existing ASIN. This allows customers to comparison shop between sellers of the same product, including on price but also on the seller's rating, which provides prospective customers with information about that seller's integrity and reliability.

12. In late 2019, Wilco Trading listed for sale a Predire Paris product under ASIN B072LVVFMV (the "VFMV ASIN"). It sold only two items of this product, including one that was purchased by a buyer identified as "Shahar" who is, on information and belief, the Defendant Shahar Shabat.

13. On October 31, 2019 – the start of the peak-sales Holiday season – Wilco Trading received an email from Amazon indicating that EL Sales had filed a complaint with Amazon claiming that Wilco Trading was selling a counterfeit, or "inauthentic," Predire Paris product under the VFMV ASIN, and that Amazon was removing this listing unless and until Wilco Trading provided proof of authenticity to Amazon's satisfaction.

14. Soon thereafter, Wilco Trading provided Amazon with a copy of its order confirmation for the product at issue from Nordstrom Rack and HauteLook, an online fashion/beauty site (now owned by Nordstrom) that promotes products at steep discounts set by brands to generate interest in their products and thereby spur future sales at higher retail prices. In that order confirmation regarding the Predire Paris product at issue, HauteLook explains that "When this [sales/promotion] event ends, this item is sent from the brand [EL Sales/Predire Paris] to HauteLook, and then from HauteLook to you."

15. Despite numerous similar attempts to rebut EL Sales' complaint to Amazon's satisfaction, Amazon suspended Wilco Trading's seller account – not just the Predire Paris product

listings – on or about November 23, 2019, which was five days before Thanksgiving and the start of the most lucrative season for all retailers, including Wilco Trading and, presumably, EL Sales. Wilco Trading missed out on the entire Holiday shopping season and remains shut down to this day.

16. On the top of the homepage of its Predire Paris website (www.predireparis.com), the Defendants state as follows: "Warning: Please be aware of counterfeit products being sold by unauthorized dealers under our trusted name." This warning is hyperlinked to a separate webpage found at the following URL address: https://predireparis.com/pages/ebay-amazon-warning.

17. On that page, the Defendants state: "Warning: Dear valued customers please be aware of counterfeit products being sold under our trusted name by unauthorized dealers. These products are not created with our quality ingredients and lab-tested formulas. We cannot be responsible for the possible skin damage and adverse reactions that may occur when administering these counterfeit products. As our legal team is taking action against these companies and working diligently to rectify the situation, please protect yourself from becoming a victim of these companies' illegal activities and only purchase from our authorized account on sites: www.ebay.com and www.amazon.com. Please, do not hesitate to contact us at csr@elsalescorp.com if you have any questions or concerns regarding these counterfeit products." The products sold by Wilco Trading on Amazon, as described above, are covered by and subject to this warning.

18. While the above references to the Defendants' purported "authorized accounts" on Amazon and eBay are hyperlinked, those hyperlinks only lead to Amazon's and eBay's respective homepages, not to any particular storefront of product listings.

19. There is, however, only one Amazon seller currently selling Predire Paris Products

on Amazon, namely a storefront identified as "BeautyCertain."

20. While not directly linked to its Amazon storefront, Beauty Certain has its own website hosted at www.beautycertain.com and a Facebook page hosted at www.facebook.com/BeautyCertain/. The Beauty Certain Facebook page includes a map that includes Beauty Certain's location. That location is the same exact location as the principal place of business of EL Sales and its Predire Paris brand. In addition, the phone number listed for Beauty Certain is connected to Defendant Shabat.

21. On information and belief, Beauty Certain is either a "d/b/a" for EL Sales and/or Shabat, or is otherwise owned or controlled by one or both of them, and is the channel through which the Defendants sell their Predire Paris products to the retail public, including on Amazon.

22. The Defendants know that when they send prospective Predire Paris customers to Amazon through their Predire Paris "warning" page, they do not need to send them directly to any storefront or product listings because they know that they have unlawfully forced all other sellers of Predire Paris products off of Amazon by filing fraudulent counterfeit and infringement complaints, as they have done to Wilco Trading, and that any customer who searches for Predire Paris products on Amazon will inevitably find their way to the only game in town – their own "Beauty Certain" Predire Paris listings.

*Defendants' Price Manipulation and Misleading of the Retail Public*

23. During the Nordstrom Rack/HauteLook "event" described above, the Defendants offered and sold to the public, for $11.97 per unit, the facial toner that Wilco Trading ultimately bought and re-sold on Amazon. While that sale event is now over, a cached version of the relevant HauteLook webpage is still available on Google Search, which shows that sale price of $11.97 per unit. That sale price is also the exact price shown on Wilco Trading's order confirmation from

Nordstrom/HauteLook.

24. Wilco Trading bought ten units of this product and then listed them for sale on Amazon for $49.98, as of Sept. 25, 2019, on which date the Defendants purchased one of these units at that price.

25. Wilco Trading's price was less than half of the $105.00 per unit price at which the Defendants were and are selling their units of the same exact product on Amazon through their Beauty Certain storefront. The Defendants knew then and know now that any customer who sees a product for sale at a lower price on one day will be much less likely to buy that product at double that earlier price on a later date, and filed their fraudulent counterfeit claims in order to prevent the retail public from seeing lower prices for Predire Paris products than the prices set by the Defendants.

26. In addition to preventing the public from getting full comparison pricing information, the Defendants' "warning" page similarly misleads the public. First, the Defendants publicly state to all potential retail customers that they only sell Predire Paris products through certain "authorized" dealers, but do not disclose that they sold their $105.00 product through Nordstrom/Hautelook for under $12.00, and do not disclose that they authorized those $12.00 sales and that Nordstrom/Hautelook was therefore an "authorized" dealer. The Defendants also falsely and publicly and explicitly state that all other products are not only "unauthorized," but "counterfeit" and therefore dangerous, which is false. The Defendants' actions show an intentional scheme to drive all competition out of the marketplace, leaving only their own Beauty Certain storefront – about which they do not disclose their connection – to leverage its badge of "exclusivity" to charge higher prices.

*The Road Not Taken*

27. For each product listed on Amazon, and for each seller of each product, Amazon provides an easy method of contacting the seller directly.

28. For example, as of the date of this Complaint, the following is a link to the Predire Paris product at issue for sale on Amazon (by BeautyCertain):

> https://smile.amazon.com/Predire-Vitamin-Facial-Toner-ALCOHOL/dp/B072LVVFMV/ref=sr_1_1?keywords=facial+toner&m=AEM2QB9C8TF3V&qid=1583349938&s=merchant-items&sr=1-1

29. That page gives the name of the seller, BeautyCertain, which name is hyperlinked to the following seller page:

> https://smile.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&seller=AEM2QB9C8TF3V&tab=&vasStoreID=

30. On this seller page, at the very top, is a box that says "Have a question for BeautyCertain?" and this box contains a conspicuous yellow button that says "Ask a question."

31. While Wilco Trading's seller page is now down because its account has been suspended as a result of the Defendants' actions, all of the same information and links were available in connection with every product it sold, including the Predire Paris product at issue in this action.

32. By simply clicking on that conspicuous bright yellow button, any brand owner and every other visitor to Amazon (no special account or status is needed), including the Defendants, can directly contact any seller that it believes may be selling counterfeit versions of the brand owner's product(s) or is otherwise infringing on its marks, and can ask the seller for information regarding the authenticity of that seller's inventory and/or ask them to stop selling the product. This is, in fact, a common practice, and many if not most intellectual property complaints can be

resolved by this direct contact.

33. The Defendants chose not to avail themselves of this option, and thereby chose to deprive Wilco Trading of any opportunity to show the Defendants that Wilco Trading's inventory was authentic.

34. The Defendants instead chose to weaponize the intellectual property reporting system set up by Amazon, which was intended to protect brand owners from infringement, not to provide unscrupulous brand owners with a simple means to knock competitors out of the marketplace, or leverage to extort unwarranted concessions from legitimate re-sellers.

35. In addition to providing Amazon with proof of authenticity, Wilco Trading retained counsel during this process and sent the Defendants several letters and other messages, including through Linkedin and Facebook, explaining that the Predire Paris products Wilco Trading was selling were authentic and procured through legitimate means, and demanding that the Defendants retract their Amazon complaints. As described above, when faced with irrefutable proof of authenticity, the Defendants refused to acknowledge that its complaints were unfounded and extremely harmful to Wilco Trading, and instead stood by their fraudulent complaints.

### *"Under Penalty of Perjury" and "Good Faith Belief"*

36. When any party files an intellectual property complaint with Amazon, like the Defendants' complaints described above, they must check boxes by which they attest to the following two statements: (a) "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above" and (b) "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

37. As explained above, the Defendants were aware that they had sold quantities of the Predire Paris at issue here during a promotional "event" on HauteLook, and that they had done so at an extremely discounted price of approximately $12.00 compared to their current price of $105.00. Further, when the Defendants purchased one of the units from Wilco Trading via Amazon, they must have realized that it was an authentic and unaltered product.

38. By later checking those boxes and attesting to those statements, the Defendants committed perjury.

*Punitive Damages*

39. Not only is Wilco Trading entitled to compensatory damages, the Defendants' malicious attacks on Wilco Trading, and presumably other legitimate Amazon Sellers (as their "warning" page suggests), cry out for a punitive damages award that will teach the Defendants that they cannot abuse the protections of the Lanham Act and the Amazon reporting system, and send a message to other manufacturers and brand owners that this type of abuse will not be tolerated and will be met with painful sanctions. Wilco Trading is also entitled to injunctive relief in the form of a court order directing the Defendants to retract all of their fraudulent complaints against Wilco Trading on Amazon.

**COUNT I**
**LANHAM ACT – 15 U.S.C. § 1125(a)**
**FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION**

Wilco Trading realleges Paragraphs 1 through 39 of this Complaint as if fully stated herein.

40. Wilco Trading and Defendants both sell Predire Paris products online through, among other outlets, Amazon.

41. Wilco Trading established a business reputation as a trusted seller on Amazon.

42. Defendants knowingly made false, misleading, and defamatory statements in

commerce through their complaints on Amazon in which Defendants falsely claimed that Wilco Trading sold counterfeit Predire Paris products and otherwise engaged in trademark infringement.

43. Defendants also knowingly made false, misleading, and defamatory statements in commerce on their Predire Paris webpage, including (a) that they only sold Predire Paris products through "authorized" accounts on Amazon and eBay and that any other sales by other persons are "illegal," when in fact the Defendants sold Predire Paris products at steep discounts through outlets such as Nordstrom Rack/HauteLook, and when in fact it is entirely lawful for purchasers of Predire Paris products to re-sell them in unaltered condition on Amazon and/or eBay, including under the first-sale doctrine (b) that any other sellers, necessarily including Wilco Trading, that were selling Predire Paris-branded products on Amazon or eBay were selling counterfeit Predire Paris products (c) that such reportedly counterfeit products were "not created with our quality ingredients and lab-tested formulas," when in fact Defendants had no basis for making this claim and knew that they had sold Predire Paris product, including the items sold by Wilco Trading on Amazon, at steep discounts through Nordstrom Rack/HauteLook (d) that such reportedly counterfeit products could cause "skin damage and adverse reactions," when in fact the Defendants had no basis for making this claim and knew that they had sold Predire Paris product, including the items sold by Wilco Trading on Amazon, at steep discounts through Nordstrom Rack/HauteLook (e) that the Defendants had hired a "legal team" to "rectify the situation," which, on information and belief, is false, as the Amazon complaints against Wilco Trading appear to have come from the Defendants and not any legal team or inside counsel, and which gives consumers the false impression that the Defendants are certain that the products at issue are counterfeit and dangerous for consumers to use and (f) that the Defendants' offer to accept "questions or concerns" from the public was designed to help protect the public, when in fact this offer was, on information and belief, designed

to enlist the public in the Defendants' scheme to unlawfully root out perfectly lawful product re-sales and price competition, and thereby deprive the public of true and accurate price and other information regarding the Defendants' Predire Paris products.

44. These statements have deceived Amazon, which delisted Wilco Trading's product listings before shutting down its seller account entirely, and are likely to deceive and confuse the public, which was the Defendants' intent, including by directly affecting the pricing and availability of the products at issue, as well as limiting customer reviews of the product from various sources, and otherwise communicating false or incomplete information about the products at issue to the public.

45. The Defendants' wrongful acts as alleged herein constitute false and misleading representations of fact and unfair competition under the Lanham Act.

46. The damages to Wilco Trading's economic and reputational interests were directly caused by Defendants' false and misleading representations, and Wilco Trading is therefore entitled to monetary damages in an amount to be proven at trial, but believed to be well into the six-figure range.

47. Wilco Trading is also entitled to permanent injunctive relief in the form of Defendants being compelled to retract their complaints against Wilco Trading on Amazon and explain to Amazon that their complaints were entirely baseless and false, which will allow Wilco Trading to seek reinstatement of its Amazon seller account.

## COUNT II
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA) FLA. STAT. ANN. § 501.204)

Wilco Trading realleges Paragraphs 1 through 39 and 41 through 45 of this Complaint as if fully stated herein.

48. Defendants knowingly made the false, misleading, and defamatory statements described herein, including through their complaints on Amazon and "warning" on their Predire Paris webpage.

49. These statements and this conduct have deceived Amazon and caused Amazon to initially delist Wilco Trading's product listings and then suspend Wilco Trading's entire Amazon seller account, and are likely to deceive and confuse the public, which was the Defendants' intent, including by directly affecting the pricing and availability of the products at issue, as well as limiting customer reviews of the product from various sources, and otherwise communicating false or incomplete information about the products at issue to the public.

50. The Defendant's actions as described herein directly and proximately caused Plaintiff to suffer lost sales and profits, in an amount to be proved at trial but believed to be will into the six-figure range, and harmed Wilco Trading's reputation among the buying public and with Amazon.

51. The damages to Wilco Trading's economic and reputational interests were directly caused by Defendants' false and misleading representations, and Wilco Trading is therefore entitled to monetary damages in an amount to be proven at trial, but believed to be well into the six-figure range.

52. Wilco Trading is also entitled to permanent injunctive relief in the form of Defendants being compelled to retract their complaints against Wilco Trading on Amazon and explain to Amazon that their complaints were entirely baseless and false, which will allow Wilco Trading to seek reinstatement of its Amazon seller account.

## COUNT III
## TORTIOUS INTERFERENCE

Wilco Trading realleges Paragraphs 1 through 39 and 41 and 45 of this Complaint as if

fully stated herein.

53. Through its seller account and various listings, including those at issue in this lawsuit, Wilco Trading maintained a lucrative business relationship with Amazon.

54. Defendants had knowledge of this relationship.

55. Defendants intentionally and unjustifiably interfered with this relationship by filing knowingly false trademark infringement and counterfeiting claims with Amazon, including by committing perjury by knowingly filing these false reports, and through their fraudulent "warning" page on their Predire Paris website.

56. As a result of these fraudulent complaints, Amazon shut down Wilco Trading's entire Amazon seller account, which entitles Wilco Trading to compensatory damages in an amount to be proven at trial, but believed to be well into the six-figure range.

57. Wilco Trading is also entitled to permanent injunctive relief in the form of Defendants being compelled to retract their complaints against Wilco Trading on Amazon and explain to Amazon that their complaints were entirely baseless and false, which will allow Wilco Trading to seek reinstatement of its Amazon seller account.

## COUNT IV
## DEFAMATION AND TRADE LIBEL

Wilco Trading realleges Paragraphs 1 through 39 and 41 through 45 set forth above as if fully set forth herein.

58. Wilco Trading made several statements to Amazon that were false and defamatory, including statements claiming that Wilco Trading was selling counterfeit Predire Paris products, that Wilco Trading was otherwise infringing on the Defendants' trademarks, and that Wilco Trading's goods ordered from Wilco Trading through Amazon were otherwise unlawful, dangerous, and unfit for sale.

59. These statements are defamatory *per se* because they tend to subject Wilco Trading to distrust, ridicule, contempt, and disgrace, and are injurious to Wilco Trading's trade and professional reputation, and because counterfeiting is a crime under the Lanham Act.

60. Defendants knew or should have known that these statements were false, and that they would cause damage to Wilco Trading's reputation and business opportunities.

61. These statements were made with actual malice because Defendants either knew of their falsity or made them with reckless disregard for their veracity.

62. In making these statements, Defendants acted intentionally, maliciously, willfully, and with the intent to injure Wilco Trading.

63. Wilco Trading has been harmed by the loss of economic value in goodwill and the reputation it has built on the Amazon platform, and been deprived of its Amazon seller account, which was the heart of its business.

64. As a result of Defendants' actions, Wilco Trading has suffered damages in an amount to be proven at trial, but believed to be well into the six-figure range.

## JURY DEMAND

65. Wilco Trading hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WILCO TRADING LLC, respectfully requests that judgment be entered in its favor and against Defendants, SHAHAR SHABAT and EL SALES CORP., as follows:

1. Awarding Wilco Trading compensatory damages, including Wilco Trading's lost profits and expenses incurred combatting Defendants' false claims, and/or disgorgement of the benefits obtained by Defendants as a result of its unlawful conduct, along with prejudgment

interest, against Defendants in an amount to be determined at trial, but believed to be in excess of $100,000.00;

2. Awarding Wilco Trading statutory, exemplary and/or punitive damages, including appropriate damage multipliers, as legally required or as the Court deems just and proper;

3. Awarding Wilco Trading its attorney fees and costs incurred in connection with this action;

4. Issuing permanent injunctive relief requiring Defendants to withdraw all of their complaints against Wilco Trading on the Amazon platform and to explain to Amazon that their complaints were baseless and entirely false;

5. Issuing permanent injunctive relief restraining Defendants from lodging any further baseless or false complaints against Wilco Trading on Amazon, including any complaint that Wilco Trading is selling or has ever sold counterfeit Predire Paris products on Amazon or otherwise infringed on any of the Defendants' trademarks; and

6. Awarding such other and further relief as the Court deems just and proper.

DATED this 11th day of March, 2020.

          Respectfully submitted,

          **SALPETER GITKIN, LLP**

    By: */s/ James P. Gitkin*
        James P. Gitkin, Esq.
        Fla. Bar. No.: 570001
        *jim@salpetergitkin.com*
        3864 Sheridan Street
        Hollywood, Florida 33301
        Telephone: (954) 467-8622
        Facsimile: (954) 467-8623

        and

Adam E. Engel (AE-9146)
(*Pro Hac Vice* forthcoming)
**The Engel Law Group, PLLC**
aee@elgpllc.com
280 Madison Avenue - Suite 705
New York, NY  10016
Telephone: (212) 665-8095
Facsimile: (888) 364-3564

*Attorneys for Plaintiff, Wilco Trading LLC*